IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-1029-GPM |
| | ) |
| BECHTEL CORPORATION and | ) |
| SHURTLEFF & ANDREWS | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff Gregory Ebersohl, an iron worker, brings this action for negligence against Defendant Bechtel Corporation ("Bechtel"), which was the general contractor at a construction site in Washington County, Illinois, where Ebersohl was injured by a falling iron beam on May 16, 2008. Named as a respondent in discovery pursuant to 735 ILCS 5/2-402 in

Ebersohl's complaint is Defendant Shurtleff & Andrews Corporation ("Shurtleff"), which was Ebersohl's employer at the time of the accident giving rise to this case. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court by Bechtel; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. The Court's review of Bechtel's notice of removal discloses certain flaws in Bechtel's pleading of jurisdictional facts.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). In the context of removal, it is the defendant, as the proponent of federal subject matter jurisdiction, who has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986

(7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

In this instance, Bechtel has alleged properly that it is a corporation incorporated under Nevada law with its principal place of business in California, so that it is a citizen of Nevada and California for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601, at **11-13 (U.S. Feb. 23, 2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Also, it is apparent from the allegations of Ebersohl's complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. Ebersohl prays for damages in excess of $75,000. *See* Doc. 2-1 at 7, 10. Additionally, Ebersohl alleges that as a result of the accident giving rise to this case he

> has suffered severe and permanent injuries. He has, and will in the future endure a great deal of pain and emotional suffering. He has suffered serious disfigurement and the loss of a normal life. He has been prevented from working in his normal fashion and has and will in the future incur lost wages as a result of said injuries. He has incurred a great deal of medical expenses in being treated for said injuries and will in the future incur and become liable for a great deal of medical expenses all to his detriment in a substantial amount.

*Id*. at 6 ¶ 9, 9-10 ¶ 12. These allegations clearly establish that the jurisdictional amount for diversity purposes is met. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red*

*Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (the jurisdictional amount was satisfied where the plaintiffs alleged "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis").

      Unfortunately, Bechtel fails properly to allege complete diversity of citizenship. First, Bechtel's notice of removal alleges only that Ebersohl is a "resident" of Illinois. Doc. 2 at 2 ¶ 3(a). To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen, not a resident, of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction . . . . It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) (remanding a case removed to federal court in diversity jurisdiction to the district court with instructions to remand the case to state court for lack of subject matter jurisdiction where the removing party failed to

amend allegations of the residence of individual parties to allege the citizenship of those parties, despite multiple opportunities to do so). *See also Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to establish diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each. Of course, allegations of residence are insufficient to establish diversity jurisdiction.").

Second, Bechtel fails properly to allege the corporate citizenship of Shurtleff for purposes of federal diversity jurisdiction. As already has been noted, Shurtleff has been named in this case as a respondent in discovery pursuant to an Illinois procedural rule that permits a plaintiff in a civil action to direct discovery to a non-party with an eye to making the non-party respondent in discovery a party defendant if the discovery discloses that the non-party potentially is liable to the plaintiff. *See* 735 ILCS 5/2-402; *Hugley v. Alcaraz*, 494 N.E.2d 706, 711 (Ill. App. Ct. 1986) (noting that the purpose of Section 2-402 is "to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a defendant"). It appears that in Bechtel's view Shurtleff is either a party that has been fraudulently joined to defeat diversity jurisdiction or is merely a nominal party to this case whose citizenship for diversity purposes can be disregarded by the Court. *See* Doc. 2 at 2 ¶ 5. The Court disagrees. In the Seventh Circuit a defendant is fraudulently joined to defeat diversity when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

Here it appears neither that Ebersohl has pled fraudulent jurisdictional facts nor that he cannot possibly establish a cause of action against Shurtleff, given that, as noted, the purpose of naming a non-party to a case as a respondent in discovery is to enable a plaintiff to determine whether the non-party should be made a defendant in the case. Nor does it appear that Shurtleff is merely a nominal party. "A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1061 (S.D. Ill. 2006) (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "A nominal defendant holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.' Because the nominal defendant is a 'trustee, agent, or depositary,' who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection." *Id*. Under this definition, Shurtleff is not a nominal party. The Court is required, of course, to construe the removal statutes narrowly and to resolve doubts about the propriety of removal against the exercise of federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006). Accordingly, to establish the existence of complete diversity of citizenship in this case, Bechtel must amend its notice of removal to identify the citizenship of Shurtleff for purposes of federal diversity jurisdiction.[1]

---

1. According to the online records of corporations maintained by the Illinois Secretary of State and the Utah Department of Commerce, which records the Court can judicially notice, *see, e.g., Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *2 n.1 (S.D. Ill. Nov. 20, 2009); *Holmes v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 3425961, at *1 n.1 (S.D. Ill. Oct. 21, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), it appears that Shurtleff is a corporation incorporated under Utah law with its principal place of business in Utah. If so, Shurtleff is a citizen of Utah for diversity purposes.

    To conclude, Bechtel must amend its notice of removal in this case to allege that Ebersohl is a citizen of Illinois, not a resident of Illinois, and to allege the state where Shurtleff is incorporated and the state where Shurtleff maintains its principal place of business or nerve center. Bechtel is **ORDERED** to file its amended notice of removal not later than 12:00 p.m. on Friday, March 19, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).[2]

    **IT IS SO ORDERED.**

    DATED: March 4, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a final matter, the Court notes that the jurisdictional allegations of Bechtel's amended notice of removal must be made on personal knowledge, not information and belief. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at *2 (S.D. Ill. May 14, 2007).