IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-1029-GPM |
| | ) |
| BECHTEL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

The Court has reviewed sua sponte the allegations of Plaintiff Gregory Ebersohl's amended complaint (Doc. 34) to ascertain the existence of federal subject matter jurisdiction in this case. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating that "the limited jurisdiction of the federal courts" dictates that "jurisdiction otherwise lacking cannot be conferred by consent, collusion, laches, waiver, or estoppel."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts

cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). The Court's jurisdictional review discloses that federal subject matter jurisdiction may be lacking in this case as a result of Ebersohl's amendment of his complaint. Accordingly, the Court will order briefing on the issue of whether federal jurisdiction exists in this case.

## II. ANALYSIS

This case was removed to this Court from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by Defendant Bechtel Corporation ("Bechtel"), which alleged federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. As already has been discussed in a prior order in this case, Ebersohl, an ironworker, seeks damages for personal injuries he suffered when an iron beam fell on him at a construction site in Washington County, Illinois, on May 16, 2008. *See Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 785973, at *1 (S.D. Ill. Mar. 4, 2010). Ebersohl's original complaint in this case alleged negligence against Bechtel, which was the general contractor at the job site where Ebersohl was injured. Additionally, the original complaint named as a respondent in discovery pursuant to 735 ILCS 5/2-402 Defendant Shurtleff & Andrews Corporation ("Shurtleff"), Ebersohl's employer at the time of the accident giving rise to this case. *See id.*[1] On May 10, 2010, Ebersohl filed, with leave of Court, an amended complaint that

---

1. The Court notes in passing that it probably is about time for Shurtleff to be let out of this case. Under Illinois law, "[t]he plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402. A person or entity may be named as a respondent in discovery only for six months, unless for good cause shown the period is extended for ninety days. *See id*. Ebersohl first named Shurtleff as a respondent in discovery in the Circuit Court

joins five new Defendants: Bechtel Power Corporation ("Bechtel Power"); Prairie State Generating Company, LLC ("Prairie Generating"); Prairie State Energy Campus Management, Inc. ("Prairie Energy"); Prairie State Energy, LLC ("Prairie State"); and Becon Construction Company, Inc. ("Becon"). The problem with the Court's jurisdiction disclosed by its review of Ebersohl's amended complaint concerns the citizenship of the newly-joined Defendants for purposes of federal diversity jurisdiction, especially Prairie State.

Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction as to cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Leggitt v. Wal-Mart Stores, Inc.*, Civil No. 10-245-GPM, 2010 WL 1416833, at *1 (S.D. Ill. Apr. 5, 2010). For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, meaning the state where a person is physically present with an intent to remain. *See Dakuras v.*

---

of St. Clair County on October 12, 2009, well over six months ago, and he has not sought to extend the time to direct discovery to Shurtleff under Section 2-402 or to amend his complaint to assert a claim for relief against Shurtleff. In fact, it seems very questionable to the Court whether the procedure outlined in the state statute has any applicability in federal court. A petition for discovery does not appear to the Court to be either a case or a controversy for purposes of Article III's strictures on federal jurisdiction (which do not apply, of course, in state court). *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Family & Children's Ctr., Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994); *AT/Comm, Inc. v. Illinois State Toll Highway Auth.*, No. 96 C 6961, 1997 WL 222875, at *3 (N.D. Ill. Apr. 24, 1997); *Lebron v. Gottlieb Mem'l Hosp.*, Nos. 105741, 105745, 2010 WL 375190, at *20 n.4 (Ill. Feb. 4, 2010) (citing *Greer v. Illinois Hous. Dev. Auth.*, 524 N.E.2d 561, 575 (Ill. 1988)). Also, federal procedural rules, which control in a removed case exactly as though the case had been filed originally in federal court, do not contemplate the maintenance of a suit purely for discovery. *See Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (citing *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)); *Amand v. Pennsylvania R.R. Co.*, 17 F.R.D. 290, 292 (D.N.J. 1955).

*Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). A corporation is, for diversity purposes, a citizen of both the state where it is incorporated and the state where it has its principal place of business, meaning the state where a corporation maintains its headquarters or nerve center. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171, at *3 (S.D. Ill. Apr. 21, 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010)). Finally, for diversity purposes the citizenship of a limited liability company ("LLC") is the citizenship of each of an LLC's members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006).

In a previous order in this case the Court found that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Ebersohl*, 2010 WL 785973, at *2. Additionally, it appears from the record that Ebersohl is a citizen of Illinois, Bechtel is a corporation incorporated under Nevada law with its principal place of business in California and therefore is a citizen of Nevada and California for purposes of federal diversity jurisdiction, and Shurtleff is a corporation incorporated under Utah law with its principal place of business in Utah and thus is a citizen of Utah for diversity purposes. However, the record is silent as to the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, Prairie State, and Becon. What is worse, the

Court's independent research suggests that the joinder of Prairie State actually has defeated complete diversity of citizenship in this case. The Court can judicially notice the records of corporations and LLCs maintained online by the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html. *See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *2 n.1 (S.D. Ill. Nov. 20, 2009) (judicially noticing online records of LLCs maintained by the Illinois Secretary of State); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (judicially noticing online records of corporations maintained by the Illinois Secretary of State). The Illinois Secretary of State's records show that Prairie State is an LLC of which the sole member is Prairie State Oil Company, Inc., a corporation incorporated under Illinois law with its principal place of business in Illinois. Thus, it appears that Prairie State is, like Ebersohl, an Illinois citizen, so that complete diversity of citizenship does not exist in this case.[2]

---

2. With respect to the other newly-joined Defendants in this case, the Illinois Secretary of State's records disclose the following. Bechtel Power is a corporation incorporated under Nevada law and appears to have its principal place of business in California, in which case Bechtel Power is a citizen of Nevada and California for diversity purposes. Prairie Generating is an LLC of which the members are four natural persons who appear to be Missouri citizens, in which case Prairie Generating is a Missouri citizen. Prairie Energy is a corporation incorporated under Indiana law and therefore is an Indiana citizen; the location of Prairie Energy's principal place of business is unclear. Finally, Becon is a corporation incorporated under Texas law and appears to have its principal place of business in California, in which case Becon is a citizen of Texas and California. Naturally, the party with the burden of proof as to subject matter jurisdiction (a topic to be addressed presently) will need to establish by a preponderance of the evidence the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, Prairie State, and Becon for purposes of federal diversity jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010).

The joinder of diversity-defeating parties after removal is governed by 28 U.S.C. § 1447, which provides, in pertinent part, that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In evaluating the propriety of the joinder of a non-diverse party after removal, the United States Court of Appeals for the Seventh Circuit has instructed courts to consider: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003); *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 199 F.R.D. 304, 307 n.2 (S.D. Ind. 2001). "The decision to permit joinder of diversity-defeating parties is discretionary and guided essentially by equitable considerations." *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006). In order to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be one that is indispensable to just adjudication of a lawsuit within the meaning of Rule 19 of the Federal Rules of Civil Procedure. *See Goutanis v. Mutual Group (US)*, 92 C 1689, 1995 WL 86588, at *6 (N.D. Ill. Feb. 24, 1995); *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993). Importantly, whereas in evaluating fraudulent joinder to defeat diversity a court does not inquire into a plaintiff's motive for joining a diversity-defeating party, *see Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), a key inquiry in evaluating a post-removal attempt to join a non-diverse party is whether a plaintiff's motive for joining such

a party is to defeat federal jurisdiction. *See In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) (a plaintiff's failure to provide an explanation as to why she sought to join a non-diverse defendant after removal raised a strong inference of a motivation to defeat diversity jurisdiction). *See also McCaulley v. Purdue Pharma, L.P.*, 172 F. Supp. 2d 803, 807 (W.D. Va. 2001) ("[I]n a proper § 1447(e) analysis, the first question to resolve is whether the new party is sought for the purpose of defeating diversity jurisdiction."). If a district court decides to permit the joinder of a non-diverse party after removal, it must remand, rather than dismiss, the case. *See Schur*, 577 F.3d at 759 (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)); *Brown*, 461 F. Supp. 2d at 785.

The Court will direct the parties to this case that have appeared to submit briefs on the matter of the propriety of the joinder of Prairie State in Ebersohl's amended complaint; Ebersohl will have the burden of proving by a preponderance of the evidence that the joinder of Prairie State is proper under 28 U.S.C. § 1447(e). Ebersohl also should make reasonable efforts to identify the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon, although, given that none of the newly-joined Defendants have appeared yet, it may be difficult to establish their citizenship with certainty. In any event, the Court's chief concern at this juncture is with the citizenship of Prairie State and, assuming that this case remains in federal court, the Court will see to it that the citizenship of all of the parties to this case is established on the record to the Court's satisfaction. The Court notes that it has no particular reason to suppose that Ebersohl has joined Prairie State solely for the purpose of defeating federal jurisdiction; for example, as discussed, the Court only became aware of the defect in its subject matter jurisdiction through its own independent research. Similarly, the Court has no reason to believe that Ebersohl's claim against Prairie State is sham or

otherwise wrongly asserted merely to defeat diversity jurisdiction. Correspondingly, in evaluating the propriety of the joinder of Prairie State the Court is likely to give great weight to considerations of judicial economy and the likelihood of duplicative litigation and waste of judicial resources if Ebersohl is forced to proceed against Prairie State in a separate action in state court. *See Johnson v. General Motors Corp.*, No. 03-865-MJR, 2004 WL 5477533, at *2 (S.D. Ill. Aug. 31, 2004) (attaching overriding significance to considerations of "duplicative litigation" and "waste of precious judicial resources" in granting a plaintiff leave to join a diversity-defeating defendant after removal); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *5 (N.D. Ill. Oct. 30, 2002) (granting leave to join non-diverse parties pursuant Section 1447(e): "If the Court does not grant Plaintiff's Motion, Plaintiff would likely have to bring simultaneous lawsuits in state and federal court, actions that would be litigating identical issues. Such duplicate litigation serves neither the parties nor the court system well."); *Todd v. Societe Bic*, No. 90 C 5487, 1990 WL 208906, at *1 (N.D. Ill. Nov. 30, 1990) ("[B]y allowing the motion to amend and remand, the court will preclude the possibility of having inconsistent verdicts between . . . state and federal cases."). Naturally, if Ebersohl desires to remain in federal court, he is encouraged to bring a timely motion under Rule 21 of the Federal Rules of Civil Procedure requesting that Prairie State (and any other diversity-defeating party to this case) be dismissed. *See Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 817-18 (N.D. Ill. 1998) (citing *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688-89 (S.D. Tex. 1997)).[3]

---

3. As a final matter, until such time as the question of the Court's subject matter jurisdiction is resolved, the Court will take no action on the motion for intervention in this case brought by proposed Intervener Plaintiff American Home Assurance Company (Doc. 31). If the Court declines to remand this case, it will rule on the motion on the merits; if this case is remanded to state court, the motion will be denied as moot.

### III. CONCLUSION

The parties to this case who have appeared (Ebersohl, Bechtel, and Shurtleff) are **ORDERED** to submit briefing on the citizenship of Prairie State for purposes of federal diversity jurisdiction and on the propriety of the joinder of Prairie State as a party Defendant under 28 U.S.C. § 1447(e). Ebersohl, Bechtel, and Shurtleff shall submit their briefs no later than twenty (20) days from the date of entry of this Order. None of the requested briefs should exceed twenty (20) pages in length.

**IT IS SO ORDERED.**

DATED: May 31, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge