IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BECHTEL CORPORATION, et al., )<br>)<br>Defendant. ) | Case No. 3:09-cv-1029 GPM-DGW |

## ORDER

This matter comes before the Court on a Motion to Intervene filed by third party American Home Assurance Company (Doc. 31). For the reasons set forth below, this motion is **DENIED without prejudice**.

### BACKGROUND

American Home Assurance Company seeks to intervene as of right in the action pursuant to Fed. R. Civ. P. 24(a) and pursuant to the Illinois Workers' Compensation Act, 820 ILCS 305/5(b). American Home Assurance Company provided the Court with its proposed intervening petition, which alleges that on May 16, 2008, Plaintiff Gregory Ebersohl was injured while employed by Defendant Shurtleff & Andrews Corporation. Ebersohl filed this lawsuit seeking damages for the injuries. Intervenor American Home Assurance Company alleges that it provided workers' compensation insurance to Defendant Shurtleff & Andrews and paid benefits to Ebersohl under Shurtleff & Andrews's insurance policy. American Home Assurance Company asserts that the Illinois Workers' Compensation Act creates a lien against any recovery by Plaintiff and grants it the right to intervene in the action.

American Home Assurance Company requests that the Court enter an order granting leave to intervene pursuant to Fed. R. Civ. P. 24(a); requiring "that all orders of this Court be

made to indemnify, protect, and secure the lien of American Home Assurance Company for all sums paid, or to be paid, for weekly temporary total disability benefits, medical expenses, and permanent partial disability against any award, judgment or fund out of which the Plaintiff might be compensated by the Defendants in addition to such future expenses which cannot be ascertained at this time;" that no settlement be declared valid without the consent of the intervenor; that the intervenor "be given full notice of all further proceedings herein by the parties to this lawsuit; and that intervenor be exempt from participation in discovery.

## DISCUSSION

American Home Assurance Company seeks to intervene as of right under Fed. R. Civ. P. 24(a). Under this rule, the Court must allow intervention to anyone who:

(1) Is given an unconditional right to intervene by a federal statute; or

(2) Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The party seeking to intervene bears the burden of demonstrating that a motion to intervene is timely, that it possesses an interest related to the subject matter of the action, that disposition without its participation would impair its interests, and that its interests are not adequately represented by the parties. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (citing *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003)). The party seeking to intervene must prove each of the four elements; "the lack of one element requires that the motion to intervene be denied." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 706 (7th Cir. 2001).

American Home Assurance Company argues that it possesses a "right" to intervene under the Illinois Workers' Compensation Act. Rule 24(a) requires intervention only for

"unconditional" rights granted by *federal* statute.  The Illinois Worker's Compensation Act is not such a statute, therefore, American Home Assurance Company must make a showing regarding the Seventh Circuit's four factors listed above.  Arguably, American Home Assurance Company has demonstrated it holds an interest in the subject matter of the litigation by virtue of the workers' compensation lien.  It does not address, however, any of the other factors.  It has made no showing that the motion is timely, that its rights will be impaired by disposition of the matter, or that its interests are not adequately represented by the parties currently participating in the lawsuit.  In short, American Home Assurance Company has not made the necessary showing to intervene as of right.  Moreover, American Home Assurance has made no showing, apart from the lien, that it is entitled to any of the other relief it seeks in the motion.

## CONCLUSION

Based on all the foregoing, American Home Assurance Company's Motion to Intervene (Doc. 46) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  June 1, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**