IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-1029-GPM |
| | ) |
| BECHTEL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Document 39 in this case, the order entered by United States Magistrate Judge Donald G. Wilkerson on June 1, 2010. In the June 1 order the Magistrate Judge denied a motion for leave to intervene brought by American Home Assurance Company ("American Home"); the motion is Document 31 in this case. The undersigned United States District Judge can reconsider sua sponte the orders of the Magistrate Judge in appropriate instances, and vacate such orders if they are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317-18 (D. Kan. 1993). Further, a district court's review of a magistrate's resolution of a non-dispositive issue is plenary as to matters of law. *See Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)); *Dubin v. E.F. Hutton Group Inc.*, 878 F. Supp. 616, 618 (S.D.N.Y. 1995); *RTC v. Bright*, 157 F.R.D. 397, 401 (N.D. Tex. 1994). In this case, the motion to intervene decided by the Magistrate Judge was not referred to the Magistrate Judge at the time the motion was decided, and therefore it was not within

the jurisdiction of the Magistrate Judge to rule on the motion to intervene. *See In re Search of Scranton Hous. Auth.*, 487 F. Supp. 2d 530, 534-35 (M.D. Pa. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). Additionally, the Magistrate Judge has no authority to rule on a motion to intervene without the proposed intervenor party's consent. *See New York Chinese TV Programs v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) (a district judge rather than a magistrate judge is required to make the final determination on a motion to intervene, absent consent by the intervenors to the magistrate's jurisdiction). *See also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3072 (3d ed. 1998 & Supp. 2009) (noting that magistrates cannot make rulings affecting the interests of additional parties to a case without the consent of those parties) (collecting cases). Finally, the June 1 order clearly contravenes the order entered by the undersigned on May 31, 2010, that directed the parties to this case that have appeared to brief the issue of whether this case is within federal subject matter jurisdiction. In the May 31 order, the undersigned specifically stated that a ruling on American Home's motion to intervene would be deferred until such time as the question of federal jurisdiction in this case has been resolved. *See* Doc. 38 at 8 n.3. For the foregoing reasons, the undersigned finds that the Magistrate Judge's June 1 order is contrary to law, and the order accordingly is **VACATED**. The undersigned will rule on American Home's motion to intervene in the time and manner stated in the undersigned's May 31 order.

    **IT IS SO ORDERED.**

    DATED: June 3, 2010

                                          /s/ G. Patrick Murphy
                                          G. PATRICK MURPHY
                                          United States District Judge