**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GREGORY EBERSOHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-1029-GPM |
| | ) | |
| BECHTEL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the notice of voluntary dismissal filed by Plaintiff Gregory Ebersohl dismissing Defendant Prairie State Energy, LLC ("Prairie State"), as a party to this case (Doc. 41). As Prairie State has neither answered Ebersohl's operative complaint in this case nor filed a motion for summary judgment, Ebersohl has an absolute right to dismiss Prairie State as a party Defendant. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Futch v. AIG, Inc*., Civil No. 07-402-GPM, 2007 WL 1752200, at *2 (S.D. Ill. June 15, 2007); *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 25-26 (D.P.R. 1991); *Sheldon v. Amperex Elec. Corp*., 52 F.R.D. 1, 9 (E.D.N.Y. 1971). Ebersohl's notice of voluntary dismissal is effective to terminate Prairie State as a party to this case, without the necessity of further action by the Court. *See Scam Instrument Corp. v. Control Data Corp*., 458 F.2d 885, 889 (7th Cir. 1972) (citing *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). Thus, it is unnecessary for the Court to enter an order dismissing Prairie State as a party. *See Kurz v. Fidelity Mgmt. & Research Co*., No. 07-CV-592-JPG, 2007 WL 2908918, at **2-3 (S.D. Ill. Oct. 4, 2007).

In a recent order in this case, in which the asserted basis for federal subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332, the Court noted that it appeared to be the case that Ebersohl's joinder of Prairie State defeated complete diversity of citizenship, given that Prairie State is a limited liability company of which the sole member is an Illinois corporation, so that Prairie State, like Ebersohl, is a citizen of Illinois for diversity purposes.  *See Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 2164451, at *2 (S.D. Ill. May 31, 2010). In the May 31 order the Court directed the parties to the case that had appeared as of the date of entry of the order, to wit, Ebersohl and Defendants Bechtel Corporation ("Bechtel") and Shurtleff & Andrews Corporation ("Shurtleff") to submit briefs on the issue of the existence of federal diversity jurisdiction in this case by June 21, 2010.  *See id*. at **4-5.  The Court observed that Ebersohl, as the party seeking to join a diversity-defeating Defendant, that is, Prairie State, after removal of this case from state court, has the burden of proof as to the propriety of Prairie State's joinder under 28 U.S.C. § 1447(e).  *See id*. at *4.  In light of the fact that Prairie State now has been dismissed from this case, the Court will modify the May 31 order.  The Court no longer expects Bechtel and Shurtleff to submit briefs on the existence of federal subject matter jurisdiction in this case.  The Court does expect Ebersohl to submit a brief addressing the citizenship for diversity purposes of certain other Defendants who were recently joined in this case, to wit:  Bechtel Power Corporation ("Bechtel Power"); Prairie State Generating Company, LLC ("Prairie Generating"); Prairie State Energy Campus Management, Inc. ("Prairie Energy"); and Becon Construction Company, Inc. ("Becon").  The Court acknowledged in the May 31 order it is quite likely that, at this stage of the proceedings, Ebersohl will be unable to establish with the requisite degree of certainty the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of

federal diversity jurisdiction.  *See Ebersohl*, 2010 WL 2164451, at *4.  However, Ebersohl's brief will be a step in the right direction, given this Court's "first duty in every suit," which is, of course, "to determine the existence of subject-matter jurisdiction[.]"   *Id*. at *1 (quoting *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004)).

To conclude, the Clerk of Court is **DIRECTED** to terminate Prairie State as a party Defendant on the electronic docket of this case.  The Court's May 31 order in this case is **MODIFIED** as follows.  The Court no longer expects Bechtel and Shurtleff to submit briefs on the existence of federal subject matter jurisdiction in this case.  The Court does expect Ebersohl to submit a brief of not more than twenty (20) pages concerning the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal diversity jurisdiction on or before June 21, 2010.

**IT IS SO ORDERED.**

DATED:  June 3, 2010

/s/ G. Patrick Murphy_____
G. PATRICK MURPHY
United States District Judge