IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-1029-GPM |
| | ) |
| BECHTEL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case is before the Court on a motion for leave to intervene brought by American Home Assurance Company ("American Home") (Doc. 31). As already has been discussed in prior orders in this case, Plaintiff Gregory Ebersohl, an ironworker, seeks damages for personal injuries he suffered when an iron beam fell on him at a construction site in Washington County, Illinois, on May 16, 2008. *See Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 2164451, at *1 (S.D. Ill. May 31, 2010); *Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 785973, at *1 (S.D. Ill. Mar. 4, 2010). Ebersohl's original complaint in this case alleged negligence against Bechtel, which was the general contractor at the job site where Ebersohl was injured. Additionally, the original complaint named as a respondent in discovery pursuant to 735 ILCS 5/2-402 Defendant Shurtleff & Andrews Corporation ("Shurtleff"), Ebersohl's employer at the time of the accident giving rise to this case. On May 10, 2010, Ebersohl filed an amended complaint joining five new Defendants: Bechtel Power Corporation; Prairie State Generating Company, LLC;

Prairie State Energy Campus Management, Inc.; Prairie State Energy, LLC; and Becon Construction Company, Inc. On June 3, 2010, Ebersohl voluntarily dismissed Prairie State Energy, LLC, from this case by notice. *See Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 2220590, at *1 (S.D. Ill. June 3, 2010). American Home is Shurtleff's workers' compensation insurance carrier. In its motion to intervene, American Home states that it has paid benefits to Ebersohl for injuries sustained in the accident giving rise to this case and therefore possesses a lien pursuant to 820 ILCS 305/5(b) on any recovery Ebersohl might obtain in this case. American Home avers that it must intervene in this case to protect its statutory lien on Ebersohl's potential recovery.

## II. ANALYSIS

In its motion to intervene American Home asserts that it is entitled to intervene in this case as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part,

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). In this case, of course, American Home asserts no right premised upon a federal statute, and therefore the relevant inquiry is whether the insurer has established a right to intervene under Rule 24(a)(2). Under Rule 24(a)(2), a proposed intervenor must satisfy four requirements to obtain intervention of right: (1) a timely application for leave to intervene; (2) a claim of interest relating to the property or transaction that is the subject of the action; (3) a danger that disposition of the action may as a practical matter diminish the applicant's ability

to protect that interest; and (4) existing parties to a case will not adequately represent the applicant's interest. *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000); *Southmark Corp. v. Cagan*, 950 F.2d 416, 418 (7th Cir. 1991). An applicant must meet all four requirements before intervention as of right is allowed. *See Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). *See also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp.*, 113 F.R.D. 532, 534 (N.D. Ill. 1986) ("Any proposed intervenor must establish each of those requirements – intervention is a game in which *one* strike is out.") (emphasis in original). In evaluating a motion to intervene, "the district court must accept as true the non-conclusory allegations of the motion and . . . [proposed] complaint [in intervention]." *Lake Investors Dev. Group, Inc. v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983) (citing *Central States, Se. & Sw. Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.*, 600 F.2d 671, 679 (7th Cir. 1979)). A court should not deny a motion to intervene unless it is certain that the proposed intervenor cannot succeed in its case under any set of facts which could be proved under the complaint. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238, 241 (S.D. Ill. 2001).

In the experience of the undersigned District Judge, a workers' compensation carrier frequently will participate in a tort action involving its insured informally by, for example, participating in settlement negotiations, but it certainly has not been the rule, in the undersigned's experience, for such carriers formally to intervene in lawsuits involving their insureds. Moreover, American Home's skeletal motion entirely fails to apprise the Court of any interest the insurer has that will not be protected adequately by the existing parties to this case. As a general rule, an

intervenor's interest will not be impaired or impeded within the meaning of Rule 24(a) if the disposition of an action will not preclude the intervenor from bringing suit in another forum to enforce its claim. "'The existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding'" and "[t]he possibility of foreclosure is measured by the standards of *stare decisis*." *American Nat'l Bank & Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 147-48 (7th Cir. 1989) (quoting *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982)). *See also Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 533 (7th Cir. 1988) ("We conclude that *stare decisis* effects may satisfy the standard of Rule 24(a)(2) only when the putative intervenor's position so depends on facts specific to the case at hand that participation as *amicus curiae* is inadequate to convey essential arguments to the tribunal."). In this instance, of course, whatever the outcome of this case may be, it will have no effect on American Home's ability to enforce its lien.

      More importantly, American Home has not demonstrated that its interest is not adequately protected by the existing parties in this action. "Where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate . . . . In such circumstances, the proposed intervenor 'must demonstrate, at the very least, that some conflict exists.'" *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994) (quoting *Meridian Homes*, 683 F.2d at 205). "Additionally it is clear that adequacy of representation is established when no collusion is shown between the representative and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in the fulfillment of his duty." *Wade v. Goldschmidt*, 673 F.2d 182, 186 n.7 (7th Cir. 1982). In the

specific context of a petition for intervention as of right by a workers' compensation carrier, the United States Court of Appeals for the Third Circuit has held that a carrier must allege specific facts showing "such factors as proof of collusion between [a representative party] and the opposing party, any adverse interest between the [intervenor] and the representative, and whether there is any indication that the representative has been less than diligent in prosecuting the litigation." *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 275 (3d Cir. 1980). In *Olden* the Third Circuit Court of Appeals upheld a district court's denial of a workers' compensation carrier's petition to intervene as of right in a tort action involving the carrier's insured. The court observed that no conflict of interest capable of jeopardizing the carrier's interests could exist in advance of a settlement or other recovery by the plaintiff. *See id*. Additionally, the court noted that, in the unlikely event that a conflict were to arise after a verdict or settlement had been reached, the carrier would have "ample opportunity to protect its interests" at that time by, for example, moving to intervene in advance of distribution of the fund created by the settlement or judgment. *Id*.

   The Court finds the reasoning of *Olden* persuasive in this case. The Court has no reason to suppose that the existing parties to this lawsuit are unaware of American Home's lien or will fail to honor it, nor does the Court have any reason to suppose that the existing parties to this matter are not keeping American Home well-informed of the status of this lawsuit. In the event that there is a settlement or a verdict in Ebersohl's favor, American Home can seek leave to intervene at that time, if need be. Otherwise, however, American Home's petition to intervene as of right in this matter pursuant to Rule 24(a) will be denied at this time. *See Olden*, 619 F.2d at 275. *See also St. Paul Fire & Marine Ins. Co. v. Helena Marine Serv., Inc.*, 884 F.2d 391, 392-93 (8th Cir. 1989) (holding that the insurer of a barge lessee did not have the right to intervene in the lessee's action against the

lessor's insurers, as the proposed intervenor's interest in establishing that the lessee was covered by the lessor's insurers was adequately protected by the lessee).

As a final matter, the Court notes that American Home does not appear to seek to intervene permissively in this action pursuant to Rule 24, which provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who:  (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  Moreover, even were American Home seeking permissive intervention, the Court, in its discretion, would decline to permit it.  *See Griffith v. University Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (quoting *EEOC v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1048 (D.C. Cir. 1998)) (noting that a trial court has "'considerable discretion'" with respect to permissive intervention and that "reversal of a court's denial of a Rule 24(b) motion for permissive intervention 'is a very rare bird indeed.'"). First, as the *Olden* court observed, the presence of an insurance carrier as a party at trial might lead to the prejudicial disclosure of the existence of workers' compensation.  *See* 619 F.2d at 273. Second, as already has been noted, American Home does not contend that any of the parties to this action have impeded in any way its efforts to keep informed of the status of this litigation, and the Court has no reason to suppose that American Home is not being kept apprised of such matters. Accordingly, to the extent American Home seeks the Court's leave to intervene in this action pursuant to Rule 24(b), the Court will, in its discretion, decline to permit such intervention.  *See McGinnis v. United Screw & Bolt Corp.*, 109 F.R.D. 532, 535 (E.D. Pa. 1985) (denying a workers' compensation carrier's request for permissive intervention in a tort action brought by an employee of the carrier's insured where the carrier "[did] not contend that any of the parties to this

action have impeded in any way its efforts to keep informed of the status of this litigation and/or any negotiations concerning settlement").

### III. CONCLUSION

For the foregoing reasons, American Home's motion for leave to intervene in this action (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 7, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
