IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY EBERSOHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-1029-GPM |
| | ) |
| BECHTEL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, in which the asserted basis for federal subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332, is before the Court sua sponte on the issue of subject matter jurisdiction. *See Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted). On May 10, 2010, Plaintiff Gregory Ebersohl filed an amended complaint in this case joining as Defendants Bechtel Power Corporation ("Bechtel Power"), Prairie State Generating Company, LLC ("Prairie Generating"), Prairie State Energy Campus Management, Inc. ("Prairie Energy"), and Becon Construction Company, Inc. ("Becon"). The Court now orders counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon to file affidavits establishing the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal diversity jurisdiction.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties to a case be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010).  Under 28 U.S.C. § 1332 a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  By contrast, the citizenship of a limited liability company ("LLC") for purposes of federal diversity jurisdiction is determined by the citizenship of each of the LLC's members.  *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *French v. STL Distribution Servs., LLC*, Civil No. 10-511-GPM, 2010 WL 3002108, at *2 (S.D. Ill. July 28, 2010).  The state citizenship of a natural person for diversity purposes is determined by the state of the person's domicile, meaning the state where the person is physically present, with the intent to remain in that state indefinitely.  *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

To date the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal diversity jurisdiction has not been established on the record to the Court's satisfaction, and a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction." *Metropolitan Life Ins. Co. v. Goeden*, Civil No. 10-262-GPM, 2010 WL 2698275, at *1 (S.D. Ill. July 7, 2010) (quoting *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004)). *See also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that federal courts "are under an independent obligation to examine their own jurisdiction"); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). In the past, the Court, by judicially noticing the records of corporations and LLCs maintained online by the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html, has been able to make an educated guess about the state citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon. Based upon the Illinois Secretary of State's records, the Court has surmised that: Bechtel Power is a corporation incorporated under Nevada law and appears to have its principal place of business in California, so that Bechtel Power is a citizen of Nevada and California for diversity purposes; Prairie Generating is an LLC of which the members are four natural persons who appear to be Missouri citizens, so that Prairie Generating is a Missouri citizen; Prairie Energy is a corporation incorporated under Indiana law and therefore is an Indiana citizen, although the location of Prairie Energy's principal place of business is unclear; and Becon is a corporation incorporated under Texas law and appears to have its principal place of business in California, so that Becon is a citizen of Texas and California. *See Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 2164451, at *2 & n.2 (S.D. Ill. May 31, 2010). However, mere

surmise, no matter how well-founded, is insufficient to establish the existence of federal jurisdiction in this case, in view of the fact that "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *3 (S.D. Ill. Feb. 1, 2010) (quoting *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995)) (brackets omitted). *See also Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009) (parties may not confer subject matter jurisdiction on a federal court by oversight or consent). Accordingly, the Court will direct counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon to submit to the Court affidavits regarding the citizenship of those parties for diversity purposes.[1]

To conclude, counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon are **ORDERED** to submit to the Court affidavits establishing the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal diversity jurisdiction not later than **thirty (30) days** from the date of entry of this Order. The affidavits shall set forth the states where Bechtel Power, Prairie Energy, and Becon are incorporated and the states where Bechtel Power, Prairie Energy, and Becon each maintain their principal place of business

---

1. The Court is aware that Bechtel Power, Prairie Generating, Prairie Energy, and Becon do not have the burden of proof as to the existence of federal subject matter jurisdiction in this instance. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)) (explaining that it is the party asserting the existence of federal subject matter jurisdiction – here Ebersohl – that has the burden of proof as to the existence of such jurisdiction). However, the Court does not wish to leave the important question of its subject matter jurisdiction in this case unsettled any longer, and counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon obviously are in the best position to know the citizenship of those parties for purposes of federal diversity jurisdiction. Accordingly, the Court sees nothing improper in ordering counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon to submit affidavits establishing on the record the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal subject matter jurisdiction in diversity.

or "nerve center." Also, the affidavit of counsel for Prairie Generating shall identify the state citizenship of each member of Prairie Generating; if the members of Prairie Generating are natural persons, the affidavit of counsel for Prairie Generating shall identify the state where each such person is domiciled.[2]

**IT IS SO ORDERED.**

DATED: August 16, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. Importantly, the jurisdictional facts contained in the affidavits of counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon must not be asserted on the basis of "information and belief," as only facts asserted on personal knowledge are sufficient to invoke federal subject matter jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (collecting cases); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).