**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GREGORY EBERSOHL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-1029-GPM** |
| | ) | |
| **BECHTEL CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). On August 16, 2010, the Court ordered counsel for Defendants Bechtel Power Corporation ("Bechtel Power"), Prairie State Generating Company, LLC ("Prairie Generating"), Prairie State Energy Campus Management, Inc. ("Prairie Energy"), and Becon Construction Company, Inc. ("Becon"), to submit to the Court affidavits establishing the citizenship of Bechtel Power, Prairie Generating, Prairie Energy, and Becon for purposes of federal diversity jurisdiction. Counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon now have submitted affidavits as

ordered.  After reviewing the affidavits, the Court concludes that federal subject matter jurisdiction does not exist in this case.

This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court on the basis of federal diversity jurisdiction, the exercise of which requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008).  "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc*., 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)).  For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there.  *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).  For diversity purposes, the citizenship of a corporation, including a non-profit corporation, is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *CCC Info. Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).  Finally, a limited liability company ("LLC") has, for diversity purposes, the state citizenship of each of the LLC's members.  *See Thomas v. Guardsmark*,

*LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

The affidavits filed by counsel for Bechtel Power, Prairie Generating, Prairie Energy, and Becon establish that Bechtel Power is a corporation incorporated under Nevada law with its principal place of business in Maryland, so that Bechtel Power is a citizen of Nevada and Maryland for diversity purposes. The affidavits reflect also that Becon is a corporation incorporated under Texas law with its principal place of business in Texas and therefore is a Texas citizen for diversity purposes. Unfortunately, with respect to Prairie Generating, the affidavits aver only that Prairie Generating "is a Delaware Limited Liability Corporation whose principal place of business is Marissa, Illinois." Doc. 62-2 at 1. This is not sufficient to establish the citizenship of Prairie Generating for diversity purposes, because the citizenship of an LLC, as discussed, is determined by the citizenship of the LLC's members, not the state under the law of which an LLC is organized or the state where the LLC has its principal place of business. Also, the affidavits reflect that Prairie Energy is a non-profit corporation incorporated under Indiana law with its principal place of business in Illinois, so that Prairie Energy is a citizen of Indiana and Illinois for diversity purposes. Because Plaintiff Gregory Ebersohl is a citizen of Illinois, diversity of citizenship is not complete. This case must be remanded to state court.[1]

---

1.    The Court notes that Bechtel Power, Prairie Generating, Prairie Energy, and Becon were joined as Defendants in this case by way of an amended complaint filed after the case was removed. However, the Court has no reason to suppose that Ebersohl has joined a non-diverse party simply to defeat federal jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc*., 577 F.3d 752, 759 (7th Cir. 2009) (citing 28 U.S.C. § 1447(e)) (when a plaintiff seeks to join a diversity-defeating party after removal, in determining whether to allow amendment a court should consider:  (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations).  In any event, if Ebersohl voluntarily dismisses any diversity-defeating party from this case after remand, the case can be removed again. *See Poulos v. Naas Foods, Inc*., 959 F.2d 69, 71 (7th Cir. 1992) (a plaintiff's voluntary dismissal of a non-diverse party makes a case removable to federal court).

To conclude, this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit,

St. Clair County, Illinois, for lack of federal subject matter jurisdiction in diversity.  The Clerk of

Court is directed to mail a copy of this Order to the clerk of the state court and to close the file of

this case.

**IT IS SO ORDERED.**

DATED:  September 15, 2010


/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge